IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**

AUG 27 2004

CLERK

Civil Action No. 03-4222

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

and

VARLA KRYGER,

Plaintiff/Intervenor,

v.

MITCHELL TEMPORARY, and DAKOTA PORK INDUSTRIES,

Defendants.

---

**CONSENT DECREE**
**(Dakota Pork)**

---

# TABLE OF CONTENTS

I. RECITALS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. ISSUES RESOLVED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV. NON-ADMISSION OF LIABILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

V. MONETARY RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

VI. EQUITABLE RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.    Scope . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      B.    Injunctive Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      C.    Anti-discrimination Policy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      D.    Procedures to Provide Reasonable Accommodation . . . . . . . . . . . . . . . . 4

      E.    Affirmative Hiring . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      F.    Training . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      G.    Notice Posting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      H.    Record Keeping And Reporting . . . . . . . . . . . . . . . . . . . . . . . . . 7

VII. RETENTION OF JURISDICTION AND FILING OF DECREE . . . . . . . . . . . . . . 9

VIII. ENFORCEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IX. EEOC AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

X. COSTS AND ATTORNEY'S FEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

XI. NOTICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Signatures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Attachment A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Attachment B . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## I. RECITALS

1.      This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that, between September 1999, and March 2000, Defendant Dakota Pork denied employment to Varla Kryger, because of her disability, deafness, in violation of the Americans with Disabilities Act ("ADA").

2.      The Commission and Defendant, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

3.      This Decree is final and binding upon the parties as to the issues resolved, as well as upon their successors and assigns.

4.      The parties agree that this Consent Decree fairly resolves the issues alleged in this lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the ADA that were made or could have been made in this action.

5.      For the purpose of amicably resolving disputed claims, the Defendant joins with the Commission in requesting this Court to adjudge as follows:

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## II. JURISDICTION

6.      The parties stipulate to the jurisdiction of the Court over the parties and subject matter of this action, and have waived the entry of findings of fact and conclusions of law.

7.      The duration of this Decree shall be three (3) years from the date of signing by the Court.

### III.  ISSUES RESOLVED

8.      This Decree resolves all claims for damages against Dakota Pork Industries,

arising out of the issues and claims set forth in the above-captioned lawsuit, Civil Action No. 03-

4222

9.      Defendant and its officers, agents, employees, successors, and all other persons in

active concert or participation with any of them will not interfere with the relief herein ordered,

but shall cooperate in the implementation of this Decree.

### IV.  NON-ADMISSION OF LIABILITY

10.      This Decree shall not constitute an adjudication and/or finding on the merits of the

case.  By entering into this Decree, the Defendant does not admit the allegations of the EEOC's

Complaint, and maintains its contention that none of its acts, omissions, programs or practices

has at any time violated the Americans with Disabilities Act.

### V.  MONETARY RELIEF

11.      Defendant agrees to pay to Varla Kryger the amount of $100,000 as payment for

compensatory damages, interest, attorney fees, costs, and South Dakota sales tax.  Defendant

shall issue two checks, in the amounts specified in the release agreement attached hereto as

Attachment B.

> 11.1    One check will be payable to Ms. Kryger for compensatory damages and
>
> interest.  No deductions will be made from this payment, and Defendant
>
> will issue a form 1099.
>
> 11.2    The second check will be payable to the law firm of Gunderson, Palmer,
>
> Goodsell & Nelson, LLP, for attorney fees, costs incurred, and South
>
> Dakota sales tax.  No deductions will be made from this payment, and

Defendant will issue a form 1099 to the law firm of Gunderson, Palmer, Goodsell & Nelson, LLP.

11.3    Payment pursuant to this Paragraph 11 shall be paid by certified check within five business days after entry of this Consent Decree by the Court;

11.4    Defendant shall pay all administrative and/or other costs associated with the payment of monetary relief under this Decree.

## VI.    EQUITABLE RELIEF

### A.    Scope

12.    The terms of this Decree shall apply to all Dakota Pork facilities in South Dakota.

### B.    Injunctive Relief

13.    During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are enjoined from engaging in any employment practice which discriminates on the basis of disability.

14.    During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with them, or any of them, are enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, or the Equal Pay Act, because of such person's filing a charge, testifying or participating in any manner in any investigation, proceeding or hearing under any of these statutes, because such person was identified as a witness or possible witness for the Commission, because such person participated in any manner in this action or in the investigation giving rise to this action, or because such person is designated as an aggrieved individual under this Decree.

## C.  Anti-discrimination Policy

15.     Defendant shall adopt and/or maintain a policy proscribing discrimination based on disability, and proscribing retaliation against any employee who complains about disability discrimination or who files a charge of discrimination regarding disability ("Anti-Discrimination Policy").  Defendant shall post and keep posted for the duration of this Decree, in a conspicuous place in each of its facilities, where notices to employees and applicants for employment are customarily kept or posted, a copy of the Anti-Discrimination Policy.  For the duration of this Decree, Defendant shall provide each employee a copy of the Anti-Discrimination Policy.  Within thirty days of the execution of this Decree, Defendant shall forward a copy of the Anti-Discrimination Policy to the Commission and a letter indicating that the Anti-Discrimination Policy has been posted and distributed.

## D.   Procedures to Provide Reasonable Accommodation

16.     Defendant shall adopt and maintain a written policy that will address how reasonable accommodation will be provided, by request or otherwise, during the hiring process and in the course of employment.  The policy must be widely distributed to all employees.  As to all managers who in any way participate in the hiring process or who in any way have responsibilities for accepting or processing requests for reasonable accommodation, the policy must set forth the role of each manager under the hiring process or under the process for considering reasonable accommodations for employees.  The policy must provide guidance on how to determine what is a reasonable accommodation, including mandatory participation in the interactive process with the applicant/employee.   Within thirty days of the execution of this Decree, Defendant shall forward a copy of the policy described in this paragraph to the Commission and a letter indicating that the policy has been distributed to all employees and that

instructions have been provided to managers who participate in hiring decisions or processing requests for disability accommodation in the work place.

**E.   Affirmative Hiring**

17.    In consultation with professionals from the South Dakota Department of Vocational Rehabilitation, Defendant shall adopt goals for hiring employees who are deaf or hearing impaired, and Defendant shall seek to hire specified numbers of employees who are deaf or hearing impaired.

**F.   Training**

18.    Beginning in calendar year 2004, and annually thereafter, Defendant shall conduct annual training for all its employees on what constitutes employment discrimination. Training will include employee notification of the Defendant's policy and procedures for registering complaints of discrimination. Defendant agrees that said training will also counsel employees on the penalties of engaging in such discriminatory behavior. Defendant agrees that said training will include the Defendant's non-retaliation policy. Defendant agrees that said training will include the Defendant's procedures on providing reasonable accommodation for disabled employees and applicants. All training shall be at Defendant's selection and expense, and will be conducted as follows:

**18.1   Managerial and Supervisory Employees.**

Defendant will require all individuals who work in managerial or supervisory positions to receive at least four hours of EEO training *annually*, at least two (2) hours of which will be ADA training.

**18.2   Human Resource Employees.**

Defendant will require all individuals who work in human resource positions to receive at

least fourteen (14) hours of EEOC training annually, at least six (6) hours of which will be ADA training.  Such training will be provided by a vendor or vendors not affiliated or associated with Defendant.

### 18.3   New Employee Training

As a part of new employee orientation, Defendant will show a video of not longer than one (1) hour, approved by the EEOC.  The EEOC will provide Defendant a list of approved videos, and Defendant may select from the EEOC list or may request that EEOC approve a video not listed.

19.     Defendant agrees that the first such session for each employee group identified in paragraph 18, above, will take place within one hundred twenty days after entry of this Decree. Defendant agrees that all personnel shall both register and attend the seminar training sessions.

20.     The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the representative(s) shall have the right to attend and fully observe all of the sessions.  Defendant shall provide the Commission with thirty days notice that a training session will be conducted.

### G.   Notice Posting

21.     Within five (5) business days of the entry of this Consent Decree, Defendant shall post in a conspicuous place in each of its facilities where notices to employees and applicants for employment are customarily kept or posted, the Notice attached as Attachment A to this Decree. The Notice shall remain posted for the duration of this Decree.  If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy.  Defendant shall certify to the Commission, in writing, within twenty (20) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the

Reporting provision of this Consent Decree.

**H.     Record Keeping And Reporting Provisions**

22.     For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree. The Commission shall have the right to interview any personnel employed by Defendant for the purpose of determining Defendant's compliance with the terms of this Consent Decree. In the event the Commission exercises its right to interview personnel pursuant to this paragraph, said interviews shall be scheduled with due regard to the convenience of the individual to be interviewed.

23.     Each party shall bear its own costs in conjunction with the maintenance of records, preparation of any report, access or copying of records, or interviews of employees.

24.     Defendant shall provide semi-annual reports for each six-month period following the date the Court signs the Decree. The reports shall be due thirty days following the respective six-month period, except the final report which shall be submitted to the Commission two weeks prior to the date on which the Consent Decree is to expire.

25.     Each report shall provide the following information:

**Complaints of Disability Discrimination**

25.1     The name, address and telephone number of each person making a complaint of disability discrimination to Defendant or to any federal, state, or local government agency.

25.2     A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any

resolution was reached;

25.3   Copies of all documents memorializing or referring to the complaint, all documents gathered or created during investigation of the complaint, a summary of the investigation conducted and final disposition of the complaint.

25.4   For purposes of this Paragraph 25, the term "complaint of discrimination" will include any written or verbal complaint which alleges disability discrimination, or alleges conduct, which the Defendant recognizes as presenting an allegation of disability discrimination.  For example, an employee may complain that he was denied promotion because of disability, or that co-workers call him "gimp" and tease him about his disability.  These are "complaints of discrimination" even though the employee does not expressly allege discrimination.

**Reasonable Accommodation Procedures and Results**

25.5   Defendant shall re-certify that it continues to utilize the formal procedures for processing reasonable accommodation requests, required under Paragraph 16, above.

25.6   A brief summary of each request for accommodation, including the date of the request, the person or persons to whom the request was made, the person or persons responsible for responding to the request, any effort to engage in the interactive process with the person requesting accommodation, what accommodation was requested, whether the request was granted, and if not, an explanation of the reasons for denying the

request, whether an accommodation was provided and if so, what accommodation was provided, and a summary of the decision-making process utilized in determining what accommodation to provide.

25.7   Copies of all documents memorializing or referring to the request for accommodation, the interactive process, any investigation undertaken, and/or final disposition of the request.

**Affirmative Hiring**

25.8   Defendant shall describe the recruiting efforts made to seek qualified individuals who are deaf or hearing impaired, to fulfill the established hiring goals, and Defendant's results in hiring and maintaining qualified individuals who are deaf or hearing-impaired.

**Training**

25.9   Defendant shall submit copies of the agenda of the training programs, identify the individuals providing the training, and provide the registries of attendance.  If training is conducted by Dakota Pork employees, Defendant shall provide a résumé of qualifications for each trainer/instructor.

**Posting of Notice**

25.10  Defendant shall re-certify to the Commission, that the Notice required to be posted under Paragraph 21 of this Consent Decree has been properly posted or, if removed, was promptly replaced, during the duration of the reporting period.

## VII. RETENTION OF JURISDICTION AND FILING OF DECREE

26.     This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.  Upon submission of the final report referenced in Paragraph 25, and the expiration of a period of 30 days after submission of said report, within which the Commission has not filed an objection thereto, the Commission and Defendant shall promptly file a Joint Stipulation for Dismissal with Prejudice ("Joint Stipulation") of this civil action, upon which filing this Decree shall automatically dissolve, and this Civil Action shall be dismissed with prejudice.  If the Commission files an objection to the final report within said 30-day period, the Parties will file the Joint Stipulation promptly after the Court's resolution of the Commission's objection.

## VIII. ENFORCEMENT

27.     There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission may enforce compliance herewith.

28.     Enforcement may be had by the Commission petitioning the Court for enforcement of the terms of this Decree.

## IX. EEOC AUTHORITY

29.     With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and are unrelated to the claims asserted in this lawsuit.

## X. COSTS AND ATTORNEY'S FEES

30.    Except as specifically set forth herein, each party shall be responsible for and shall pay its own costs and attorney's fees.

## XI. NOTICE

31.    Any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, to the appropriate parties as follows:

Regional Attorney
Denver District Office
Equal Employment Opportunity
Commission
303 E. 17th Avenue, Suite 510
Denver, CO  80203

Dakota Pork Industries
915 E. Havens St.
P.O. Box 1086
Mitchell, SD  5730

David M. Minces
Alaniz and Schraeder, L.L.P.
16010 Barker's Point Lane
Suite 500
Houston, Texas 77079
(281) 531-0927

SO ORDERED this 27ᵗʰ day of *August*, 2003.

BY THE COURT:

*Karen E Schreier*
United States District Judge

APPROVED AS TO FORM:

Joseph H. Mitchell
Regional Attorney


Nancy A. Weeks
Supervisory Trial Attorney

Rita Byrnes Kittle
Trial Attorney
(303) 866-1347

Equal Employment Opportunity
Commission
303 East 17th Avenue, Suite 510
Denver, CO  80203

Attorneys for Plaintiff

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION

BY: _Joseph H Mitchell_
     Joseph H. Mitchell
     Regional Attorney
     _8/20/04_
     Date

Terry B. Schraeder
Alaniz and Schraeder
16010 Barker's Point Lane, Suite 500
Houston, Texas  77079

Attorneys for Defendant

DAKOTA PORK INDUSTRIES

BY: _Sandy A Kamps_
     _8/13/04_
     Date

**ATTACHMENT A**

## NOTICE

The following notice is being posted pursuant to the terms of a Consent Decree reached between the parties in EEOC v. Dakota Pork Industries, filed in the United States District Court for the District of South Dakota, Civil Action No. 03-4222.

Management of Dakota Pork Industries wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices, and to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to the Americans with Disabilities Act, it is unlawful for an employer to discriminate based upon an employee or job applicant being disabled. Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices, including disability discrimination, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Dakota Pork Industries respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, Dakota Pork Industries reaffirms its commitment to complying with the strictures of the Americans with Disabilities Act, in that it is our policy to prohibit all discrimination in terms of hiring, promotion, compensation, benefits, discharge or discipline because of disability.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, no official at Dakota Pork Industries will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of five years.

Dakota Pork Industries

By:_____       Date:_____

Page 13 of 13